IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| ROCHELLE D. EDWARDS, personally and individually, and ROCHELLE D. EDWARDS on behalf of JAMES SULLIVAN EDWARDS, a minor, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-CV-497-JPG |
| JAMES NEAL EDWARDS JR., JULIE SHARP, and DEPUTY BART HILEMAN, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Rochelle D. Edwards's (Rochelle) motion for leave to proceed *in forma pauperis* (Doc. 2), motion to appoint counsel (Doc. 3) and motion for service of process at government expense (Doc. 4). For the following reasons, these motions will be **DENIED**.

**BACKGROUND**

This case is an outgrowth of a fourteen-year custody dispute between Rochelle and her ex-husband, James Neal Edwards (Neal). At the time she filed her complaint *pro se*, Neal had custody of James Sullivan Edwards (James), Rochelle and Neal's son. As part of her effort to regain custody of James, Rochelle has sued Neal, his fiancee, Julie Sharp (Sharp), and Union County Sheriff's Deputy Bart Hileman (Hileman), alleging violations of the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, and the Violence Against Women Act (VAWA), 18 U.S.C. § 2265. Though Rochelle seeks several remedies, fundamentally, she requests an order from this Court

directing Deputy Hileman to execute one or more orders of protection and return her son to her immediately.

Rochelle attached a chronology of sorts to her complaint detailing the history of her custody dispute with Neal. Though helpful, this attachment does not make the sequence of events leading to the filing of the complaint clear. What is clear, is that Rochelle and Neal divorced in Missouri sometime in 1992. After the divorce, Neal retained the family home and had primary physical custody of the couple's children. In 1996, the divorce decree was modified, and Rochelle was given primary physical custody of the children. Three years later, she and the children moved to Minnesota. In July 2002, Rochelle obtained an order of protection against Neal in Minnesota after he apparently abused her. Rochelle also obtained an ex-parte harassment restraining order, C1-04-2965, in Minnesota on September 10, 2004. Five days later, a Minnesota court held Neal in contempt for failing to pay child support, Case No. 2004-F17.

According to the complaint, Neal kidnapped one or more of the children on September 21, 2004. The next day, Neal filed for temporary custody of the children in New Madrid, Missouri; the judge in that case granted the relief requested without providing notice to Rochelle, CV-191-196-DR. On October 13, 2005, a Minnesota court issued a full order of protection for Rochelle and James – it is not clear whether James was living with her at the time. Rochelle moved to Union County (in Illinois) temporarily in October 2005 to allow one of her minor children (it is unclear if this was James) to visit Neal because Neal is dying of cancer. In November 2005, Neal did not allow Rochelle to see James and refused to return him to her custody. Because of this refusal, Rochelle filed a report with the Union County Sheriff's Office in January 2006, seeking to have her Minnesota order of protection enforced (it is unclear whether she sought to have the 2002 or 2005

order enforced) and her son returned to her. The Sheriff's Office refused to enforce this order. On May 2, 2006, a Union County court registered Rochelle's Minnesota order of protection (C1-04-2965) in Illinois, 2006-OP-22 IL. The Union County Sheriff refused to enforce this order as well.

## ANALYSIS

**I.   Edwards's Motions to Proceed *In Forma Pauperis* and for Service of Process at Government Expense**

The Court may authorize the commencement of a civil action without prepayment of filing fees by a person who is unable to pay them. 28 U.S.C. § 1915(a)(1). The Court has reviewed Rochelle's affidavit and is satisfied of her indigence. Nevertheless, the Court must deny her motion and dismiss this suit if her claims are frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). For present purposes, a claim is frivolous if it lacks arguable legal merit or factual support. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). Additionally, as in all cases, the Court must be satisfied that it has jurisdiction to hear this dispute. *See, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Federal Rule of Civil Procedure 8(a) directs plaintiffs to include "a short and plain statement of the grounds upon which the court's jurisdiction depends" in their complaints. Rochelle has asserted three bases for federal jurisdiction in this matter, 28 U.S.C. §§ 1331, 1357 and 1361. Section 1361 gives district courts original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." None of the defendants are employees or agents of the United States; thus, the Court does not have jurisdiction under § 1361.

Section 1357 gives district courts original jurisdiction over "any civil action commenced by

any person to recover damages for any injury to his person or property on account of any act done by him, under any Act of Congress, for the protection or collection of any revenues, or to enforce the right of citizens of the United States to vote in any State." Clearly, this section is inapplicable to the present dispute.

Rochelle's final basis for federal jurisdiction is 28 U.S.C. § 1331. Under § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." Rochelle claims § 1331 is implicated here because her claims arise under the full faith and credit provisions of the PKPA, 28 U.S.C. § 1738A, and the VAWA, 18 U.S.C. § 2265. The nature of her claims under these statutes is not clear. It appears she would like the Court to find the Minnesota and Illinois orders valid (thereby finding the Missouri order invalid), and order the Sheriff's Office to enforce these orders and return James to her custody. When viewed in this light, Rochelle is attempting to assert an implied right of action under these statutes to a federal judicial determination on the validity of the various orders of protection. The PKPA does not furnish such a cause of action. *Thompson v. Thompson*, 484 U.S. 174 (1988); *see also Minn. v. Northern Sec. Co.*, 194 U.S. 48, 72 (1904). *But see Flood v. Braaten*, 727 F.2d 303 (3d Cir. 1984) (restricting its holding to cases where a state court does not comply with § 1738A).

A plain reading of the relevant provisions of the VAWA demonstrates that it cannot be a source of federal jurisdiction here either. 18 U.S.C. § 2262 makes it a crime for an individual to travel in interstate commerce with the intention of violating an order of protection, if he subsequently violates the order. 18 U.S.C. § 2262(a). Section 2265, the provision cited by Rochelle, mandates that protection orders issued consistent with the VAWA are entitled to full faith and credit, *i.e.*, violations of such orders can subject an individual to federal criminal prosecution. 18 U.S.C.

§ 2265(a). Presumably, Congress included this section so that it would be clear that violations of certain orders would subject individuals to federal criminal prosecution. *See generally* Amy Keane, Annotation, *Validity and Applicability of Violence Against Women Act (VAWA), 18 U.S.C.A. §§ 2261 to 2266*, 195 A.L.R. FED. 319 (2004). Nothing in these sections suggests that a federal court has the power to determine the validity of an order of protection for Rochelle's purposes. Certainly, there is no indication that the VAWA gives a federal court the power to order a state law enforcement official to enforce an order of protection. *See Thompson*, 484 U.S. at 174; *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). This is simply not a case where the implication of a private right is appropriate. *See Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999) ("[I]t has been a long time since the Supreme Court used a criminal law as the basis of a private civil action." As criminal statutes "express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation[,]" they are "poor candidates for the imputation of private rights of action.").

Rochelle has also attempted to assert claims under 42 U.S.C. § 1983, which, if cognizable, would provide a basis for federal jurisdiction under § 1331. Ultimately, this section cannot serve as the basis for federal jurisdiction either. Clearly, § 1983 does not apply to Neal or Sharp. Thus, her sole potential basis for federal jurisdiction in this case is her § 1983 claim against Deputy Hileman. Her § 1983 claim against Hileman is based on the full faith and credit provisions of the PKPA and the VAWA, which, for the reasons state above, is not cognizable. Because her jurisdictional allegations are patently insufficient, the Court **DENIES** her motion to proceed *in forma pauperis,* her motion for service at the government's expense and her motion to appoint counsel. For the foregoing reasons, her case is legally frivolous. Therefore, in accordance with the

mandate in 28 U.S.C. § 1915(e)(2), this case is **DISMISSED.**

## CONCLUSION

The Court **DENIES** Rochelle's motion for leave to proceed *in forma pauperis* (Doc. 2), motion to appoint counsel (Doc. 3) and motion for service of process at government expense (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(2), this case is **DISMISSED**.

**IT IS SO ORDERED**

**Dated: August 17, 2006.**

                                             s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. District Judge**